UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRINITY UNIVERSAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ANIMAL PHARMACEUTICALS, INC, a Washington corporation, OPPORTUNITY, LLC, a Washington limited liability company, TRANSCONTINENTAL INSURANCE COMPANY, a New York corporation, BRUCE RAY NOYES, HEIDI ESTER MEELEY, KEVIN COOPER CURNUTT, RICKEY CAMERON BETSCH, FLOYD LEWIS, RODNEY LYNN WILLIAMSON, VAN DE GRAAF RANCHES, INC., a Washington corporation, MIDVALE CATTLE COMPANY, LLC, a Washington limited liability company, and MARK ARSTEIN, LLC, a Washington limited liability company,<br><br>    Defendants. | NO. CV-07-3008-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC., *ET AL.* PARTIAL MOTIONS FOR SUMMARY JUDGMENT** |

   Before the Court is Plaintiff's Motion for Summary Judgment (Ct. Rec. 24); Defendants Animal Pharmaceuticals, Inc., *et al.* Partial Motion for Summary Judgment against Defendant Transcontinental Insurance Company (Ct. Rec. 30); and Defendants Animal Pharmaceuticals, Inc., *et al.* Partial Motion for Summary

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC., *ET AL.* PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 1**

Judgment against Plaintiff (Ct. Rec. 35).[1]

On January 8, 2008, a hearing was held on the motions in Yakima, Washington. Plaintiff was represented by David Collins. Defendant Animal Pharmaceuticals Inc. was represented by John J. Carroll. Defendant Transcontinental Insurance Company was represented by Michael Ricketts. Defendant Van de Graaf Ranches and Midvale Cattle Company were represented by Sara Watkins. Mark Arstein LLC was represented by Trevor Pincock.

## BACKGROUND FACTS

This case is about insurance coverage. On January 26, 2007, Plaintiff Trinity Universal Insurance Company filed suit in the Eastern District of Washington seeking to obtain a declaratory statement from the Court that it has no obligation to defend or indemnify Defendants Animal Pharmaceuticals, Inc. ("API"), Opportunity, LLC, Bruce Noyes, Heidi Meeley, Kevin Curnutt, Rickey Betsch, Floyd Lewis and Rodney Williamson. API, Opportunity, LLC, and the individually-named Defendants have been sued in Yakima County Superior Court by Van de Graaf Ranches and Midvale Cattle Company ("Van de Graaf"), and Mark Arstein, LLC. ("Arstein"), who also have been named as Defendants in the above-captioned action.[2] Plaintiff asks that Van de Graff Ranches, Midvale Cattle Company, and Mark Arstein be bound by the result of this action. Plaintiff also named Transcontinental Insurance Company ("TIC") as a Defendant in this action.

---

[1] Defendants Van de Graaf Ranches, Inc. and Midvale Cattle Company, LLC filed a Joinder with Defendants Animal Pharmaceuticals, Inc., *et al.* on Cross Motions for Summary Judgment (Ct. Rec. 41).

[2] *Van de Graaf, Inc., et al. v Animal Pharmaceuticals, Inc., et al.* (Yakima County Superior Court Cause No. 06-2-03010-8); *Mark Arstein, LLC v. Animal Pharmaceuticals, Inc., et al.* (Yakima County Superior Court Cause No. 06-2-04054-5).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 2**

Plaintiff is seeking contribution from TIC in the event that the Court determines that there is coverage under the Trinity insurance policy.

At times relevant to this lawsuit, Plaintiff and Defendant TIC were the general liability insurers of Defendant Animal Pharmaceuticals, Inc ("API"). Plaintiff provided general liability coverage to API until April 1, 2003; TIC provided coverage thereafter. API is in the business of selling animal pharmaceuticals at the retail level. The complaints filed in the underlying state court actions by Van de Graaf and Arstein alleged that API sold expired or counterfeit drugs, which these entities purchased, and which caused significant livestock losses. The Van de Graaf amended complaint asserts claims for breach of contract, breach of express warranty, breach of implied warranty, negligence, fraud, violation of the Consumer Protection Act, and civil damages under Washington Criminal Profiteering Act. The Arstein complaint presents similar claims.[3]

API tendered the defense of the underlying state court actions to Plaintiff. Plaintiff accepted tender subject to a reservation of the right to deny coverage if the policy does not cover the alleged claims.

## DISCUSSION

### A.    Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving

---

[3] The Arstein complaint alleges the same claims as the Van de Graaf complaint with the exception of claiming negligent misrepresentation, instead of negligence generally.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 3**

party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

**B.   Interpretation of Insurance Contracts under Washington Law**

This action lies in diversity, which requires this Court to apply Washington state law. *Caliber One Indem. Co. v. Wade Cook Financial Corp.*, 491 F.3d 1079, 1086 (9th Cir. 2007) (J. Wardlaw, concurring, in part). Under Washington law, insurance policies are construed as contracts and the interpretation of policies is a matter of law for the courts. *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1429 (9th Cir. 1995). Policies "should be given fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Grange Ins. Co. v. Brosseau*, 113 Wash. 2d 91, 95 (1989) (citations omitted). Any ambiguity in an insurance contract is resolved in favor of the insured. *Mutual of Enumclaw Ins. Co. v. Jerome*, 122 Wash. 2d 157, 161 (1993). Undefined terms should be given their plain, ordinary, and popular meaning. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wash. 2d 869, 877 (1990).

**C.   Duty to Defend**

Although Plaintiff is seeking a declaratory judgment with respect to both its duty to defend and its duty to indemnify, its motion for summary judgment focuses

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 4**

on its duty to defend.[4]  The duty to defend "arises at the time an action is first brought, and is based on *the potential for liability.*"  *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 52 (2007) (emphasis in original).  "An insurer has a duty to defend when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage."  *Id.*  "An insurer is not relieved of its duty to defend unless the claim alleged in the complaint is clearly not covered by the policy."  *Id.*  Any ambiguities will be liberally construed in favor of triggering the insurer's duty to defend.  *Id.*  "A duty to defend is triggered if the insurance policy conceivably covers the allegations in the complaint."  *Id.*

The insurer has an affirmative duty to investigate whether there is a duty to defend and the benefit of the doubt goes to the insured.  *Id.*  In doing so, the insurer must determine whether there are *any* facts in the pleadings that could conceivably give rise to a duty to defend.  *Id.*  "The duty to defend is a valuable service paid for by the insured and one of the principal benefits of the liability insurance policy."  *Id.* (citations omitted).

The pertinent provisions of Plaintiff's and TIC's insurance policies are the same:

> b.  This insurance applies to "bodily injury" and "property damage" only if: (1)The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory. . ."

(Ct. Rec. 25-6, Ex. A.; Ct. Rec. 34, Ex. 1).

---

[4] The duty to defend is broader than the duty to indemnify.  *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 52 (2007).  The duty to indemnify "hinges on the insured's *actual liability* to the claimant and *actual coverage* under the policy.  *Id.* (Emphasis in the original).  A duty to indemnify exists only if the policy actually covers the insured's liability.  *Id.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 5**

The policies define "occurrence" as follows:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(Ct. Rec. 25-6, Ex. A; Ct. Rec. 34, Ex. 2).

Neither policy defines the term "accident."[5] Plaintiff argues that the Van de Graaf and Arstein complaints do not allege an occurrence or accident; rather the underlying state court actions allege intentional conduct, which is not covered by the terms of the policy.

### 1. The Complaints

The Arstein complaint alleges that API and the individual Defendants knowingly purchased and distributed counterfeit animal pharmaceuticals. *See* Ct. Rec. 25-3, ¶ 3.3 ("Animal Pharmaceuticals knowingly began to purchase counterfeit antibiotic drugs for cattle and other farm animals . . . "). Plaintiff argues that it is inconceivable that API was not aware that higher mortality rates would result among those animals that received the counterfeit animal pharmaceuticals designed to treat infectious diseases. However, the Arstein complaint also alleges that shipments of counterfeit drugs did not conform to pharmaceutical industry practice and that all named individual defendants were aware of packaging and shipping requirements for authentic drugs. ¶ 3.6. The Arstein complaint further alleges that when the Defendant made certain representations regarding the identity or composition of products, they should have known the representations were false.

---

[5] Notably, in *Woo*, the insurance policy at issue in that case used the same definition for "occurrence" as the Trinity and TCI policy. Unlike the Trinity and TCI policy, however, the *Woo* policy defined "accident" as "a fortuitous circumstance, event or happening that takes place and is neither expected nor intended from the standpoint of the insured." *Woo*, 161 Wash. 2d at 63.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC., *ET AL.* PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 6**

¶ 7.4

Plaintiff and TIC argue that the Amended Van de Graaf Complaint is almost identical to the Arstein complaint with the exception that it is carefully crafted to omit the word "knowingly" in order to invoke coverage. *See* Ct. Rec. 25.4, ¶ 3.3 ("Animal Pharmaceuticals began to purchase counterfeit antibiotic drugs for cattle and other farm animals . . . ). The Van de Graaf complaint also alleges that shipments of counterfeit drugs did not conform to pharmaceutical industry practice and that all named individual defendants were aware of packaging and shipping requirements for authentic drugs. ¶ 3.5. In addition, the Van de Graaf complaint alleges a claim for negligence. ¶ 7.2. ("Defendants owed Plaintiffs a duty of care to sell and deliver to Plaintiffs drugs in full compliance with all applicable state and federal laws and prevailing pharmaceutical industry standards concerning labeling, packaging and drug safety. This duty includes an affirmative obligation to take all reasonable and necessary steps to ensure the authenticity of all animal drugs sold and delivered to Plaintiffs.").

The complaints allege that the Defendants should have known that the packaging was not according to standards of the industry, which is a negligence standard. As such, the Court concludes that it is not clear that the Arstein and the Van de Graaf complaints do *not* contain allegations of negligence and this is enough to trigger the duty to defend. *See Woo*, 161 Wash.2d at 64 ("If it is not clear that the complaint does *not* contain allegations that are not covered by the policy, the insurer has a duty to defend.").

**2. Professional Services Exclusion**

The TIC policy also includes a Professional Services Exclusion not found in the Trinity policy:

This insurance does not apply to:

J. Professional Services

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 7**

> "Bodily injury," "property damage," "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:
>
> (11) Services in the practice of pharmacy; but this exclusion does not apply to an insured whose operations include those of a retail druggist or drugstore.

(Ct. Rec. 33, Ex. A).

The terms "professional service," "pharmacy," and "retail druggist or drugstore" are not defined in the policy. Exclusionary clauses are to be strictly construed against the insurer and are to be interpreted in accordance with the way they would be understood by the average person buying insurance. *McGreevy v. Oregon Mut. Ins. Co.*, 74 Wash. App. 858, 865 (1994).

TIC relies on the definition of the practice of pharmacy contained in Wash. Rev. Code § 18.64.011(11).[6] However, the question is not whether API engaged in

---

[6]"Practice of pharmacy" includes the practice of and responsibility for: Interpreting prescription orders; the compounding, dispensing, labeling, administering, and distributing of drugs and devices; the monitoring of drug therapy and use; the initiating or modifying of drug therapy in accordance with written guidelines or protocols previously established and approved for his or her practice by a practitioner authorized to prescribe drugs; the participating in drug utilization reviews and drug product selection; the proper and safe storing and distributing of drugs and devices and maintenance of proper records thereof; the providing of information on legend drugs which may include, but is not limited to, the advising of therapeutic values, hazards, and the uses of drugs and devices; the practice of and responsibility for: interpreting prescription orders; the compounding, dispensing, labeling, administering, and distributing of drugs and devices; the monitoring of drug therapy and use; the initiating or modifying of drug therapy in accordance with written guidelines or protocols previously established

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 8**

the practice of pharmacy; rather it is whether API is a retail druggist or drugstore.

The complaints allege that API distributed drugs for animal use to retail buyers in the state of Washington and other jurisdictions. *See* Van de Graaf amended complaint, ¶¶ 1.6, 1.9, 1.11; Artsein complaint, ¶¶ 1.5, 1.8, 1.10.

The Court finds that it is not clear from the face of the complaint that the exclusion does apply; therefore, it is not clear that the complaint does *not* contain allegations that are not covered by the policy. *See Woo*, 161 Wash.2d at 64. Accordingly, TIC has a duty to defend.

**D.    Request for Attorneys' Fees**

API seeks reasonable attorneys' fees expended in bringing their summary judgment motion and defending against Plaintiff's motions. Plaintiff and TIC did not challenge API's request for attorneys' fees. Under Washington law, an insured is entitled to legal fees where an insurer refuses to defend. *Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wash. App. 507, 517 n.13 (1995); *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wash.2d 37, 52-53 (1991). Thus, API is entitled to reasonable attorneys' fees.

**E.    Conclusion**

Both the Arstein and the Van de Graaf complaints allege negligent acts on the part of API and API's agents. This triggers a duty to defend. As such, Plaintiff's Motion for Summary Judgment is denied and Defendant Animal Pharmaceuticals, Inc., *et al.* is granted.

---

and approved for his or her practice by a practitioner authorized to prescribe drugs; the participating in drug utilization reviews and drug product selection; the proper and safe storing and distributing of drugs and devices and maintenance of proper records thereof; the providing of information on legend drugs which may include, but is not limited to, the advising of therapeutic values, hazards, and the uses of drugs and devices.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 9**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Ct. Rec. 24) is **DENIED**.

2. Defendants Animal Pharmaceuticals, Inc., *et al*'s Partial Motion for Summary Judgment Against Defendant Transcontinental Insurance Company (Ct. Rec. 30) is **GRANTED**

3. Defendants Animal Pharmaceuticals, Inc., *et al.*'s Partial Motion for Summary Judgment Against Plaintiff (Ct. Rec. 35) is **GRANTED.**

4. No later than two weeks form the date of this Order, Defendant API shall submit briefing to the Court on the amount of reasonable attorneys' fees expended in bringing their motions and defending against Plaintiff's motion for summary judgment. Defendant is directed to file affidavits and a memorandum setting forth the legal basis and justifications for any amount requested. Plaintiff shall respond according to the deadlines set forth in the Local Rules.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 8th day of April, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Trinity Universal\sj.order.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING ANIMAL PHARMACEUTICALS, INC.,** *ET AL.* **PARTIAL MOTIONS FOR SUMMARY JUDGMENT ~ 10**